**Quarles & Brady** LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Isaac M. Gabriel, Esq. (#021780)
isaac.gabriel@quarles.com
James L. Ugalde, Esq. (#022733)
james.ugalde@quarles.com

Attorneys for BMO Harris Bank, N.A.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SILVERADO STAGES, INC., *et al.*,<br><br>Debtors. | In Proceedings Under Chapter 11<br><br>Case No. 2:18-bk-12203-MCW<br>(Jointly Administered)<br><br>**OBJECTION OF BMO HARRIS BANK, N.A. TO DEBTOR'S MOTION TO EXTEND TIME TO RESPOND TO BMO HARRIS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| This filing applies to:<br><br>☐ ALL DEBTORS<br>■ SILVERADO STAGES, INC.<br>☐ SILVERADO CHARTER SERVICES, LLC<br>☐ MICHELANGELO LEASING INC.<br>☐ SILVERADO STAGES SC, LLC<br>☐ SILVERADO STAGES CC, LLC<br>☐ SILVERADO STAGES NC, LLC<br>☐ SILVERADO STAGES NV, LLC<br>☐ SILVERADO STAGES AZ, LLC | Case No. 2:18-bk-12203-MCW<br>Case No. 2:18-bk-12205-MCW<br>Case No. 2:18-bk-12207-MCW<br>Case No. 2:18-bk-12209-MCW<br>Case No. 2:18-bk-12210-MCW<br>Case No. 2:18-bk-12213-MCW<br>Case No. 2:18-bk-12215-MCW<br>Case No. 2:18-bk-12218-MCW |
| BMO HARRIS BANK, N.A.,<br>          Movant,<br>vs.<br><br>SILVERADO STAGES, INC.<br>          Respondent. | |

This objection (this "Objection") is filed by BMO Harris Bank, N.A. ("BMO"), a secured creditor and party-in-interest in the above-captioned jointly administered Chapter 11 bankruptcy cases (collectively, the "Bankruptcy Case"), in response to that certain *Motion To Extend Time To Respond To BMO Harris Bank's Motion For Relief From Automatic Stay* [Dkt. No. 84] (the "Motion to Extend") filed by Silverado Stages Inc. (the "Debtor"), as a debtor and debtor in possession in the Bankruptcy Case. Pursuant to the Motion to Extend, Debtor requests a 14-day extension (until November 12, 2018) to respond to *BMO Harris Bank, N.A.'s Motion for Relief from Automatic Stay* [Dkt. No. 63] (the "Stay Relief Motion") filed by BMO. For the reasons set forth below, Debtor's Motion to Extend should be denied.

## I. BMO is Entitled to Expeditious Consideration of its Stay Relief Motion.

Given the injunctive nature of Section 362 of the Bankruptcy Code, bankruptcy courts are required to consider motions for from the automatic stay "expeditiously". *See In re Luz Int'l, Ltd.*, 219 B.R. 837, 842 (B.A.P. 9th Cir. 1998). Adequate protection payments provided pursuant to Section 362 of the Bankruptcy Code are intended to protect secured creditors from diminution in value of the collateral securing such creditors' claims.

Moreover, Section 362(e)(1) mandates the Court to set a hearing within thirty (30) days of filing of a request for relief under Section 362(d). Granting the relief requested in Debtor's Motion to Extend does not comport with the expeditious consideration required by Section 362(e)(1) of the Bankruptcy Code, which is statutorily imposed by Congress to protect creditors' rights.

As set forth in BMO's Stay Relief Motion, it has not received any compensation from Debtor since before August, 2018. Moreover, BMO's collateral is depreciating at rate of 1.67% per month or 20% per year. *See* Stay Relief Motion, p. 3. Despite such diminution in BMO's collateral, Debtor has not offered to make any adequate protection payments. Rather, Debtor suggests BMO simply wait longer, while BMO's collateral continues to depreciate. The Debtor's

only justification for this is that it is in the process of retaining a professional to provide an opinion regarding adequate protection (without providing any timeline or estimate as to when adequate protection payments may commence). This is completely inadequate. Such professional could have (and should have) been retained on day one of this case. Debtor has known it was in distress and bankruptcy was possible for months, evidenced by (among other things) (i) Debtor's non-payment to virtually every secured creditor prepetition, and (ii) Debtor's prepetition negotiations with secured creditors to attempt to extract concessions, threatening bankruptcy as the other alternative.

Regardless of whether the Debtor has retained a "professional", nothing precludes Debtor from initiating adequate protection payments in a good faith effort to protect the secured creditors' interest in their respective collateral. Debtor's delay in making adequate protection payments is nothing more than an ill-fated attempt to determine what equipment/collateral it will keep in its bankruptcy estate—at the expense of secured creditors.

II. **Adequate Protection Should Not Be Delayed**.

BMO and the other secured creditors in this case should not be punished for Debtor's lack of preparation in filing the Bankruptcy Case to address adequate protection for the numerous secured creditors in this case. Given the nature of the equipment owned by the bankruptcy estate and the number of secured creditors in this case, Debtor knew and should have anticipated that adequate protection was going to be an important issue at the inception of this case. This burden and risk of diminution in collateral should not be passed on to BMO and the other secured creditors in this case.

Finally, despite request (and the Motion to Extend fails to address), Debtor has failed and refused to provide BMO with at least the following information: (i) proof or evidence that the Vehicles (as defined in the Stay Relief Motion) are properly insured, (ii) proof or evidence that

the Vehicles are being properly maintained and repaired, and/or (iii) the location of the Vehicles for inspection purposes.

**III.     Conclusion and Request for Relief.**

For the reasons stated above, the Court should enter an order denying Debtor's Motion to Extend.

DATED this 29th day of October, 2018.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By   /s/ James L. Ugalde
    Isaac M. Gabriel
    James L. Ugalde

Attorneys for BMO Harris Bank, N.A.

COPIES of the foregoing sent via e-mail this 29th day of October, 2018, to:

Michael A. Jones
Philip J. Giles
David B. Nelson
ALLEN BARNES & JONES, PLC
1850 N. Central Avenue, Suite 1150
Phoenix, AZ 85004
Email: mjones@allenbarneslaw.com
Email: pgiles@allenbarneslaw.com
Email: dnelson@allenbarneslaw.com
Attorneys for Debtors

W. Scott Jenkins, Jr.
Alissa Brice Castañeda
Molly J. Kjartanson
QUARLES & BRADY LLP
Two N. Central Avenue
Phoenix, AZ 85004-2391
Email: scott.jenkins@quarles.com
Email: alissa.castaneda@quarles.com
Email:molly.kjartanson@quarles.com
Attorneys for TIAA, FSB

| | |
|---|---|
| 1 | Robert J. Miller<br>Khaled Tarazi |
| 2 | BRYAN CAVE LEIGHTON PAISNER LLP<br>Two N. Central Avenue, Suite 2100 |
| 3 | Phoenix, AZ 85004-4406<br>Email: rjmiller@bclplaw.com |
| 4 | Email: khaled.tarazi@bclplaw.com<br>Attorneys for Wells Fargo Equipment Finance, Inc. |
| 5 | |
| 6 | John R. Clemency<br>Janel M. Glynn |
| 7 | POLSINELLI, PC<br>One East Washington St., Suite 1200 |
| 8 | Phoenix, AZ 85004<br>Email: jclemency@polsinelli.com |
| 9 | Email: jglynn@polsinelli.com<br>Attorneys for Western Alliance Bank |
| 10 | Matthew H. Sloan |
| 11 | JENNINGS, HAUG & CUNNINGHAM, L.L.P.<br>2800 N. Central Avenue, Suite 1800 |
| 12 | Phoenix, AZ 85004-1049<br>E-mail: MHS@JHC.Law |
| 13 | Attorneys for River City Petroleum, Inc. |
| 14 | David Wm. Engelman<br>Bradley D. Pack |
| 15 | ENGELMAN BERGER, P.C.<br>3636 N. Central Avenue, Suite 700 |
| 16 | Phoenix, AZ 85012<br>Email: dwe@eblawyers.com |
| 17 | Email: bdp@eblawyers.com<br>Attorneys for 1st Source Bank |
| 18 | William J. Barrett |
| 19 | Nathan Q. Rugg<br>BARACK FERRAZZANO KIRSCHBAUM & |
| 20 | NAGELBERG LLP<br>200 W. Madison Street, Suite 3900 |
| 21 | Chicago, IL 60606<br>Email: william.barrett@bfkn.com |
| 22 | Email: nathan.rugg@bfkn.com<br>Attorneys for Genuine Parts Company |
| 23 | Alan R. Costello |
| 24 | COSTELLO LAW FIRM<br>2999 N. 44th Street, Suite 515 |
| 25 | Phoenix, AZ 85018<br>Email: acostello@costello-law.com |
| 26 | Attorneys for TCF Equipment Finance, Inc. |

| | |
|---|---|
| 1 | Cody J. Jess |
| | Brittany M. Neel |
| 2 | SCHIAN WALKER, P.L.C. |
| | 1850 N. Central Avenue, Suite 900 |
| 3 | Phoenix, AZ 85004-4531 |
| | Email: bkdocket@biz.law |
| 4 | Attorneys for James and Sharron Galusha |
| | and the Jim and Sharron Galusha Revocable |
| 5 | Trust Dated August 9, 2012 |
| 6 | S. Cary Forrester |
| | John R. Worth |
| 7 | Byron H. Forrester |
| | FORRESTER & WORTH, PLLC |
| 8 | 3636 N. Central Avenue, Suite 700 |
| | Phoenix, AZ 85012 |
| 9 | Email: scf@forresterandworth.com |
| | Email: jrw@ forresterandworth.com |
| 10 | Email: bhf@ forresterandworth.com |
| | Attorneys for Pacific Western Bank |
| 11 | |
| 12 | Neal H. Bookspan |
| | JABURG & WILK, P.C. |
| 13 | 3200 N. Central Avenue, 20th Floor |
| | Phoenix, AZ 85012 |
| 14 | Email: nhb@jaburgwilk.com |
| | Attorneys for Hager Pacific Acquisitions, LLC |
| 15 | |
| 16 | Edward K. Bernatavicius |
| | OFFICE OF THE U.S. TRUSTEE |
| | 230 N. First Avenue, Suite 204 |
| 17 | Phoenix, AZ 85003 |
| | Email: Edward.K.Bernatavicius@usdoj.gov |
| 18 | |
| 19 | /s/ Sybil Taylor Aytch |
| 20 | |

Quarles & Brady LLP

QB\660471.00725\54652253.1