Michael A. Jones, State Bar #27311
Philip J. Giles, State Bar #30340
David B. Nelson, State Bar #34100
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email  mjones@allenbarneslaw.com
          pgiles@allenbarneslaw.com
          dnelson@allenbarneslaw.com

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERADO STAGES INC., et al., | Case No. 2:18-bk-12203-MCW (Jointly Administered) |
| Debtors. | |
| This filing applies to: | Case No. 2:18-bk-12203-MCW |
| | Case No. 2:18-bk-12205-DPC |
| ☐ ALL DEBTORS | Case No. 2:18-bk-12207-BKM |
| ☒ SILVERADO STAGES INC. | Case No. 2:18-bk-12209-MCW |
| ☐ SILVERADO CHARTER | Case No. 2:18-bk-12210-MCW |
| SERVICES, LLC | Case No. 2:18-bk-12213-EPB |
| ☐ MICHELANGELO LEASING INC. | Case No. 2:18-bk-12215-BKM |
| ☐ SILVERADO STAGES SC, LLC | Case No. 2:18-bk-12218-EPB |
| ☐ SILVERADO STAGES CC, LLC | |
| ☐ SILVERADO STAGES NC, LLC | **DEBTOR'S RESPONSE IN OPPOSITION TO BMO HARRIS BANK, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION** |
| ☐ SILVERADO STAGES NV, LLC | |
| ☐ SILVERADO STAGES AZ, LLC | |
| | Hearing |
| | Date    November 15, 2018 |
| | Time    10:00 AM |
| | Ctrm    702 |

Silverado Stages, Inc. ("**Debtor**"), a debtor-in-possession in the above-captioned Chapter 11 case, hereby responds to the *Motion for Relief from Automatic Stay, or in the alternative, Adequate Protection* [ECF No. 63] ("**Motion**") filed by BMO Harris Bank, N.A. ("**BMO**").   The Debtor has diligently worked to determine adequate protection payment amounts for its secured creditors.  Since BMO filed the Motion, the Debtor retained Dave W.

Mendenhall of Bus Solutions Holdings, LLC to calculate the depreciation rates of the Debtor's fleet vehicles, including BMO's Vehicles (as defined in the Motion), and calculate appropriate adequate protection payments. On November 8, 2018, the Debtor received Mr. Mendenhall's findings and will adequately protect BMO's secured claim with monthly payments, as permitted under the Bankruptcy Code and set forth herein. Thus, stay relief under Bankruptcy Code § 362(d)(1) is not warranted.

As to BMO's second claim for stay relief under Bankruptcy Code § 362(d)(2), BMO failed to meet its burden under § 362(g) by providing unreliable evidence of value. The Declaration filed in support of the Motion contains testimony premised on information unavailable to the Debtor and the Court. Regardless, because the Vehicles are necessary to Debtor's operations and reorganization, relief should not be granted under Bankruptcy Code § 362(d)(2). This response is supported by the Declarations of Brian Hunt and Dave Mendenhall filed concurrently herewith and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. On October 5, 2018, the Debtor, along with its related entities and subsidiaries in this jointly administered case, filed for relief under Chapter 11 of the Bankruptcy Code.

2. BMO asserts a security interest in certain Vehicles owned by the Debtor and used in the Debtor's business operations.

3. The Debtor, through counsel, has provided BMO with proof that the Vehicles are insured, and it has cooperated with BMO to coordinate with BMO's proposed appraiser regarding the location of the vehicles.

4. On October 15, 2018, merely ten days into this case, BMO filed the Motion. Regarding valuation of the Vehicles and applicable depreciation, the Motion relies on the "experience and review of certain data" by Rená Harris, a "Relationship Manager for the Special Accounts Management Unit of BMO Financial Group." Neither the Motion nor Ms. Harris' Declaration filed in support of the Motion sets forth Ms. Harris' qualifications to estimate and calculate the value of the Vehicles and rate of depreciation, let alone her method of

calculating the values or the information she relied upon when doing so.

5. On November 1, 2018, the Court approved the Debtor's employment of Dave W. Mendenhall of Bus Solutions Holdings, LLC, for the primary purpose of calculating any depreciation of the Debtor's bus assets, including the Vehicles, and to assist the Debtor with determining appropriate adequate protection payment amounts. See ECF Nos. 81-82, 100.

6. Mr. Mendenhall has over 30 years of bus industry valuation experience and is the creator of *The Official Bus Blue Book* and *The Official School Bus Blue Book* ("**Blue Book**"), and several other industry specific publications. See Declaration of Dave Mendenhall, attached as **Exhibit A**.

7. Since his employment, Mr. Mendenhall reviewed the Debtor's bus fleet information, including the specific details related to the Vehicles, to assist the Debtor in determining appropriate adequate protection payments for secured lenders.

8. Mr. Mendenhall calculated that the depreciation rate for the Vehicles is 1.06% per month or 12.67% annually. See Exhibit A.

9. Based on the September 2018 Blue Book and other available information, BMO's "estimated" value of the Vehicles of $928,800.00 is very close in amount to 80% of Blue Book low retail value of the Vehicles.

10. Until its formal appraisals of the Vehicles are completed, the Debtor will accept BMO's $928,800.00 value of the Vehicles only for the limited purpose of providing initial monthly adequate protection payments to BMO. Upon completion of the Debtor's appraisals of the Vehicles, that appraised values will serve as the values for which adequate protection should be calculated. The Debtor does not agree that BMO's estimated value should be used for any other purpose and only temporarily for use in calculating initial adequate protection payments to BMO. The Debtor reserves all rights regarding contesting BMO's value of the Vehicles related to all other issues.

11. Subject to this Court's cash collateral orders and Western Alliance Bank's final approval, the Debtor agrees to pay BMO the amount of $9,845.28 and continuing monthly as adequate protection until the Debtor's appraisal of the Vehicles is completed ("**Adequate**

**Protection Payment**").  This Adequate Protection Payment amount is calculated as follows: $928,800.00 (Vehicles' value) multiplied by 1.06% (monthly Vehicles depreciation amount).

12.     The Debtor intends to retain the Vehicles and requires the use of the Vehicles in its business operations, and the Vehicles are necessary to the Debtor's reorganization.  See Declaration of Brian Hunt, CEO, attached as **Exhibit B**.

13.     The Vehicles are necessary to Debtor's business operations and are used for the following profitable routes: Sacramento charter routes and for Arizona State University.  See id.

14.     Without the Vehicles, Silverado does not have a readily available substitute bus that can be used to complete the Vehicles' routes without jeopardizing the Debtor's business operations.  The Debtor would likely need to shut down these routes without continued use of the Vehicles.  See id.

## II.     LEGAL ANALYSIS

Bankruptcy Code § 362(d) provides that on request of a party-in-interest and after notice and a hearing, the court may grant relief from the stay for any of the grounds set forth in subsections (d)(1)-(4).  The court may grant relief from stay "for cause," including lack of adequate protection; as well as when: (1) the debtor lacks equity in the property, and (2) the property is not necessary for an effective reorganization.  See 11 U.S.C. § 362(d)(1) and (2).  The moving party has the burden of proof on the issue of the debtor's lack of equity, while the debtor has the burden of proof on all other issues.  See id. § 362(g).  Local Bankruptcy Rule 4001-1(e)(2) requires that a motion for relief shall be supported by "all documents that movant contends establish a lack of adequate protection in the property, including appraisals or summaries […]."

### a.   Stay Relief Under Bankruptcy Code § 362(d)(1) Is Not Warranted Because the Debtor Will Pay Appropriate Adequate Protection Payments To BMO.

"Prior to plan confirmation, 11 U.S.C. § 361 entitles creditors, whose collateral is depreciating . . . to adequate protection payments to compensate for the loss of the value of their collateral." In re Marquez, 270 B.R. 761, 768 (Bankr. D. Ariz. 2001). Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process. In re Farmer, 257 B.R. 556, 560 (Bankr. D. Mont. 2000); In re

Weinstein, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998). If the value of the collateral decreases, the creditor is entitled to cash payments so that the value of its interest in the collateral remains constant. In re Farmer, at 560. In other words, the adequate protection payments are limited to the depreciation of the value of the collateral. In re Marquez, 270 B.R. at 768-69 (citing In re Timbers, 484 U.S. 365, 377 (1988)). However, the bankruptcy court has the discretion in fixing the beginning date, amount, and frequency of the adequate protection payments. In re Deico Elecs., Inc., 139 B.R. 945, 947 (B.A.P. 9th Cir. 1992).

The Adequate Protection Payment uses BMO's own value for the Vehicles, is based on an accurate depreciation in value of the Vehicles, and protects the value of BMO's vehicle collateral until the parties can complete formal appraisals. Rather than using "estimates" of non-experts who stunningly believe that the Vehicles decline in value 20% per year, the Debtors have employed a valuation expert who literally writes the Blue Book on bus values. The calculated diminution amount of 1.06% per month for the Vehicles is based on data and expertise, and it is the proper metric for calculating the Adequate Protection Payment. Accordingly, stay relief under Bankruptcy Code § 362(d)(1) is not warranted.

### b. BMO Failed to Meet its Burden, and Failed to Satisfy Bankruptcy Code § 362(d)(2).

Bankruptcy Code § 362(d)(2) provides that relief from automatic stay may be granted if: (1) a debtor does not have any equity in such property; and (2) such property is not necessary to an effective reorganization. Pursuant to Bankruptcy Code § 362(g)(1), the movant has the "burden of proof on the issue of the debtor's equity in the property." BMO failed to meet this burden in proving the Debtor lacks equity in the Vehicles, and the Vehicles are indeed necessary for the Debtor's reorganization.

In support of its Motion, BMO relies on the declaratory testimony of Ms. Harris, a relationship manager at BMO. In her declaration, Ms. Harris states that based "on my experience and review of certain data, I estimate . . ." the value of the Vehicles is $928,800.00. BMO's proffered evidence of value is not reliable, and the Court should allow the parties to complete their formal appraisals rather than accepting estimates from non-experts.

Glaringly absent from Ms. Harris' declaration are: (i) any experience that would allow

her to put forth a credible estimation of value; (ii) credentials regarding her education and training related to determining value and depreciation rates of busses; and (iii) any data that she reviewed in order to determine the Vehicles' values and depreciation rates. Ms. Harris' estimates are not sufficient for BMO to meet its burden under Bankruptcy Code § 362(g)(1). and therefore, BMO failed to satisfy the first requirement of Bankruptcy Code § 362(d)(2).

### c. The Vehicles Are Necessary for an Effective Reorganization.

Regardless of any lack of equity, the Vehicles are necessary to an effective reorganization, and the automatic stay cannot be terminated pursuant to Bankruptcy Code § 362(d)(2). "[T]he burden of proof [regarding § 362(d)(2)] . . . is satisfied if the debtor can offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" Sun Valley Newspapers, Inc. v. Sun World Corp., 171 B.R. 71, 75 (B.A.P. 9th Cir. 1994) quoting Matter of Holly's Inc., 140 B.R. 643, 701 (Bankr. W.D. Mich. 1992). The debtor's evidence must only demonstrate that it is "superficially worthy of belief that [the debtor] is capable of producing a plan which by preponderance may be confirmable." Matter of Holly's Inc., 140 B.R. at 701. At an early stage in the bankruptcy case, "if the debtor presents any evidence that a confirmable plan is plausible, the balance favors the debtor, and the creditor must bear a reasonable delay while the debtor attempts to formulate a plan." Id.

As the Court is aware, this case was part of eight emergency Chapter 11 filings, and the Debtor is barely one month into the case. Notably, the Debtor has until February 2, 2019 to propose a plan of reorganization within the exclusive period under the Bankruptcy Code. While working to smoothly transition into Chapter 11 bankruptcy, the Debtor has worked to determine which of its bus assets are necessary for its reorganization. The Debtor has determined that the Vehicles are indeed necessary for its reorganization efforts. The Vehicles are valuable to the company and the services that it offers, and as discussed above, the Debtor will pay adequate protection payments to BMO for continued use of the Vehicles. Indeed, the Debtor requires the Vehicles in order to service profitable routes and are not easily replaced. Accordingly, the Vehicles are necessary to Debtor's reorganization, and the Debtor intends to retain the Vehicles as part of its reduced, yet more efficient fleet.

### d. **BMO Has Improperly Requested Postpetition Interest and Attorneys' Fees on its Undersecured Claim.**

BMO's statement in the Motion that it is entitled to postpetition interest on its undersecured claim is not founded in law and should be disregarded. Bankruptcy Code Section 506(b) denies "undersecured creditors postpetition interest on their claims." United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 372 (1988); 11 U.S.C. §§ 506(b); 502(b)(2). Creditors without an equity cushion cannot receive postpetition interest. See id.

As to BMO's statement regarding its entitlement to attorneys' fees on account of its claim, to the extent that BMO is entitled to any attorneys' fees, such fees only apply to BMO's bifurcated unsecured claim. An undersecured creditor may include attorney's fees incurred postpetition as part of its unsecured claim. See SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.), 571 F.3d 826, 845 (9th Cir. 2009). "So long as the right to collect the fees existed prepetition, the fact that the fees were actually incurred during the postpetition period is not relevant to the determination of whether the creditor has an allowed pre-petition claim for the fees." Id. at 843. Attorneys' fees are only part of a claim if they pass the fair contemplation test, which requires that the right to collect the fees existed pre-petition. Id. at 844. Thus, fees that "arise out of a prepetition contract" may be included by an unsecured creditor as part of an unsecured claim. Id.

**WHEREFORE**, the Debtor requests that the Court enter an order denying the Motion and providing any other relief that the Court deems appropriate.

DATED: November 8, 2018.

**ALLEN BARNES & JONES, PLC**

*/s/ MAJ #27311*
Michael A. Jones
Philip J. Giles
David B. Nelson
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
Attorneys for Debtors

/ / /

/ / /

1   **E-FILED** on November 8, 2018 with the
    U.S. Bankruptcy Court and copies served
2   via ECF notice on all parties that have
    appeared in the case.
3   **COPY** mailed the same date via U.S. Mail to:

4   Office of the U.S. Trustee
    230 N. First Avenue, Suite 204
5   Phoenix, AZ  85003-1706

6   **COPY** e-mailed the same date to:

7   Edward K. Bernatavicius
    Office of the U.S. Trustee
8   230 N. First Ave., Ste 204
    Phoenix, AZ  85003-1706
9   Edward.k.bernatavicius@usdoj.gov

10  Isaac M. Gabriel
    James L. Ugalde
11  QUARLES & BRADY, LLP
    Two N. Central Ave.
12  Phoenix, AZ 85004-2391
    Isaac.gabriel@quarles.com
13  James.Ugalde@quarles.com
    *Attorneys for BMO Harris Bank N.A.*
14
    Molly J. Kjartanson
15  QUARLES & BRADY, LLP
    Two N. Central Ave.
16  Phoenix, AZ 85004-2391
    molly.kjartanson@quarles.com
17  *Attorneys for TIAA, FSB*

18  Mark A. Nickel
    Gregory W. Seibt
19  GORDON REES SCULLY MANSUKHANI, LLP
    111 W. Monroe St., Ste 1600
20  Phoenix, AZ 85003
    mnickel@grsm.com
21  gseibt@grsm.com
    *Attorneys for VFS Leasing Co. and*
22  *Volvo Financial Services, a division of VFS US LLC*

23  W. Kent Carter
    GORDON REES SCULLY MANSUKHANI, LLP
24  One N. Franklin, Ste 800
    Chicago, IL 60606
25  kentcarter@grsm.com
    *Attorneys for VFS Leasing Co. and*
26  *Volvo Financial Services, a division of VFS US LLC*

27  / / /

28  / / /

{00135540 3}                                    8

| | |
|---|---|
| 1 | Evan S. Goldstein |
| | UPDIKE, KELLY, & SPELLACY, P.C. |
| 2 | 100 Pearl St., 17th Floor |
| | Hartford, CT 06103 |
| 3 | egoldstein@uks.com |
| | *Potential Attorneys for Capital and* |
| 4 | *Leasing, Corp and Webster Capital* |
| 5 | Robert J. Miller |
| | Khaled Tarazi |
| 6 | BRYAN CAVE LEIGHTON PAISNER LLP |
| | Two N. Central Ave., Ste 2100 |
| 7 | Phoenix, AZ 85004-4406 |
| | rjmiller@bclplaw.com |
| 8 | khaled.tarazi@bclplaw.com |
| | *Counsel for Wells Fargo Equipment Finance, Inc.* |
| 9 | |
| | David Wm. Engelman |
| 10 | Bradley D. Pack |
| | ENGELMAN BERGER, P.C. |
| 11 | 3636 N. Central Ave., Ste 700 |
| | Phoenix, AZ 85012 |
| 12 | dwe@eblawyers.com |
| | bdp@eblawyers.com |
| 13 | *Counsel for First Source Bank* |
| 14 | John R. Clemency |
| | Janel M. Glynn |
| 15 | POLSINELLI |
| | One E. Washington St., Ste. 1200 |
| 16 | Phoenix, AZ 85004 |
| | jglynn@polsinelli.com |
| 17 | *Attorneys for Western Alliance Bank* |
| 18 | Matthew H. Sloan |
| | JENNINGS, HAUG & CUNNINGHAM, LLP |
| 19 | 2800 N. Central Ave., Ste 1800 |
| | Phoenix, AZ 85004-1049 |
| 20 | MHS@JHC.Law |
| | *Attorneys for River City Petroleum, Inc.* |
| 21 | |
| | Cody J. Jess |
| 22 | Brittany M. Neel |
| | SCHIAN WALKER, P.L.C. |
| 23 | 1850 N. Central Ave., Ste 900 |
| | Phoenix, AZ 85004-4531 |
| 24 | bkdocket@biz.law |
| | *Attorneys for James and Sharron Galusha* |
| 25 | *and the Jim and Sharron Galusha Revocable* |
| | *Trust Dated August 9, 2012* |
| 26 | |
| 27 | / / / |
| 28 | / / / |

| | |
|---|---|
| 1 | William J. Barrett |
| | Nathan Q. Rugg |
| 2 | BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP |
| | 200 W. Madison St., Suite 3900 |
| 3 | Chicago, IL 60606 |
| | william.barrett@bfkn.com |
| 4 | nathan.rugg@bfkn.com |
| | *Attorneys for Genuine Parts Company* |
| 5 | |
| | Alan R. Costello |
| 6 | COSTELLO LAW FIRM |
| | 2999 N. 44th St., Ste 515 |
| 7 | Phoenix, AZ 85018 |
| | acostello@costello-law.com |
| 8 | *Attorneys for TCF Equipment Finance, Inc.* |
| 9 | S. Cary Forrester |
| | John R. Worth |
| 10 | Byron H. Forrester |
| | FORRESTER & WORTH, PLLC |
| 11 | 3636 N. Central Ave., Ste 700 |
| | Phoenix, AZ 85012 |
| 12 | scf@forresterandworth.com |
| | jrw@forresterandworth.com |
| 13 | bhf@forresterandworth.com |
| | *Attorneys for Pacific Western Bank* |
| 14 | |
| | Neal H. Bookspan |
| 15 | JABURG & WILK, P.C. |
| | 3200 N. Central Ave., Ste 2000 |
| 16 | Phoenix, AZ 85012-2440 |
| | nhb@jaburgwilk.com |
| 17 | *Attorneys for Hager Pacific Acquisitions, LLC* |
| 18 | Elizabeth S. Fella |
| | QUARLES & BRADY, LLP |
| 19 | Two N. Central Ave. |
| | Phoenix, AZ 85004-2391 |
| 20 | elizabeth.fella@quarles.com |
| | *Attorneys Trans Lease, Inc.* |
| 21 | |
| | Peter Muthig |
| 22 | Maricopa County Attorney's Office |
| | CIVIL SERVICES DIVISION |
| 23 | 222 N. Central Ave., Ste 1100 |
| | Phoenix, AZ 85004 |
| 24 | muthigk@mcao.maricopa.gov |
| | *Attorneys for Maricopa County Treasurer* |
| 25 | |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

1  Anthony P. Cali
   STINSON LEONARD STREET LLP
2  1850 N. Central Ave., Ste 2100
   Phoenix, AZ 85004-4584
3  anthony.cali@stinson.com
   *Attorneys for NC Industries, LLC*

4

5  */s/ Misty Vasquez*_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Michael A. Jones, State Bar #27311
Philip J. Giles, State Bar #30340
David B. Nelson, State Bar #34100
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email  mjones@allenbarneslaw.com
       pgiles@allenbarneslaw.com
       dnelson@allenbarneslaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERADO STAGES INC., et al., | Case No. 2:18-bk-12203-MCW (Jointly Administered) |
| Debtors. | Case No. 2:18-bk-12203-MCW |
| This filing applies to: | Case No. 2:18-bk-12205-DPC |
| | Case No. 2:18-bk-12207-BKM |
| ☐ ALL DEBTORS | Case No. 2:18-bk-12209-MCW |
| ☒ SILVERADO STAGES INC. | Case No. 2:18-bk-12210-MCW |
| ☐ SILVERADO CHARTER SERVICES, LLC | Case No. 2:18-bk-12213-EPB |
| ☐ MICHELANGELO LEASING INC. | Case No. 2:18-bk-12215-BKM |
| ☐ SILVERADO STAGES SC, LLC | Case No. 2:18-bk-12218-EPB |
| ☐ SILVERADO STAGES CC, LLC | |
| ☐ SILVERADO STAGES NC, LLC | **DECLARATION OF DAVE W. MENDENHALL IN SUPPORT OF DEBTOR'S RESPONSE IN OPPOSITION TO BMO HARRIS BANK, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION** |
| ☐ SILVERADO STAGES NV, LLC | |
| ☐ SILVERADO STAGES AZ, LLC | |

I, Dave W. Mendenhall, principal and founder of Bus Solutions Holdings, LLC ("**Bus Solutions**"), hereby declare under penalty of perjury as follows:

1.    I reside in Texas, am over eighteen years of age, and am competent to make this Declaration.

2.    I have over 30 years of bus industry valuation experience, and am the creator of *The Official Bus Blue Book* and *The Official School Bus Blue Book* ("**Blue Book**") and several other industry specific publications.  My professional biography is attached hereto as **Exhibit 1**.

3. Silverado Stages, Inc. ("**Debtor**") has employed my firm Bus Solutions and me in the above-captioned jointly administered Chapter 11 cases for the purposes of calculating the depreciation of the Debtor's fleet vehicles based on their specific qualities, including the vehicles' manufacturer, year, and model. And, I was also employed to assist the Debtor in calculating adequate protection payments to its secured lenders.

4. I prepared my calculations regarding depreciation of the Debtor's fleet vehicles based on historical values that are printed in the Blue Books. The value from the March 2018 Blue Book was used as the last static reference point for each model to establish actual historical depreciation for each vehicle in Debtor's fleet.

5. The Blue Books represent the actual historical retail sales numbers as recorded from dealers and various other sources in a given six-month period prior to publishing, and they represent how each make, model, and year of a bus has performed on the secondary market throughout the years.

6. After tabulating the yearly values, I was able to calculate the actual year over year depreciation of the Debtor's vehicles.

7. I then used the historical depreciation and applied this information to each unit in the Debtor's fleet, and this was used to calculate the amount of depreciation that each vehicle should incur into the future months.

8. With respect to the Vehicles (which are all the same make, model, and year), as defined in BMO Harris Bank, N.A.'s *Motion for Relief from Automatic Stay, or in the alternative, Adequate Protection*, we calculated an annual depreciation rate of 12.67% or 1.06% per month.

9. My calculations will remain accurate until March 2019 when the newest version of the Blue Book will be released.

10. The statements set forth herein are true to the best of my personal knowledge.

DATED this 8th day of November, 2018.

/s/ *Dave Mendenhall*
Dave Mendenhall

# Exhibit 1

PROFESSIONAL BIO of

# DAVE W MENDENHALL

**900 Ranch RD**
**Copper Canyon, TX  76226**
682.257.4810

**PROFESSIONAL PROFILE**

With over 30 years of bus industry appraisal experience, Mr. Mendenhall has valued or reviewed nearly a million buses with approximately $125 Billion of total value.  It is believed that Mr. Mendenhall and his affiliated entities are the largest bus and motorcoach appraisal company in North America, whose focus is strictly on all segments and facets of the bus industry.

Mr. Mendenhall has also founded and served, since 1987, as publisher of **The Official Blue Book**$^{TM}$ for the industry and several other industry specific publications.  With such an in depth knowledge of the assets and the manufacturers, Mr. Mendenhall has become the definitive source of values for literally hundreds of vehicle types.

After serving in a wide variety of industry related positions, including driver, maintenance, sales, financing and leasing, consulting and as an expert witness, Mr. Mendenhall brings a very unique and informed insight to the appraisal process and the North American bus market.

**SUMMARY OF PROFESSIONAL EXPERIENCE**

<u>Bus Solutions Holdings, LLC</u> **and its affiliated and predecessor companies** **– Copper Canyon, TX (2015 – Present) and previously McMinnville, OR (1986 – 2018)**
**President**

- Author and publisher of the two most influential valuation publications in the industry: **The Official Bus Blue Book**$^{TM}$ and **The Official School Bus Blue Book**$^{TM}$
- Developed industry specific appraisal models
- Largest independent bus appraisal company in North America
- Develops and provides historical and residual value analysis
- Leading valuation consultant in the bus industry.  Provides a number of key services to the investment banks, private equity groups, equipment-leasing firms, and banks.
- Provides technical support and assistance to many of top industry acquisitions and disposals
- Provides consulting services to manufacturers and dealers
- Industry key note speaker
- Expert witness

<u>**ABC Bus, In – Faribault, MN – 1984-1985**</u>
**National Bus Sales and Service Representative**
- Sales involving purchases of leased, new and used coaches
- Procured customer financing and leasing packages
- Coach appraisals



**Corporate Office (Dallas / Ft. Worth - Metroplex)**

900 Ranch Road, Copper Canyon, TX  76226  ♦  Phone 682.257.4810  ♦  Fax 682.257.4801

# Corporate Background

For more than 30 years, Bus Solutions Holdings, LLC, Bus Solutions, LLC, Solutions Management Group, LLC, Bus Appraisal Solutions, LLC and their predecessor company, Bus Book Publishing, Inc. has been a leader and innovator in the transportation industry, specializing in all four segments of the bus industry.

Recognizing the need for a single reliable valuation source for used buses, David Mendenhall founded Bus Book Publishing in 1987.  The first issue of The Official Bus Book Market Report™ was published that year.  This book was the first and is currently the only valuation source in the bus and coach industry for used bus pricing.  Today the publication is called The Official Bus Blue Book™ and is a semiannual publication that is a compilation of national average sales prices reflecting actual sales transactions throughout North America during the previous six-month period.  Considered to be the "Blue Book" for the bus and coach industry, it is accepted by every major lender and insurance company in the industry and covers the intercity, shuttle and transit market segments.

In 1995, we introduced The Official School Bus Resale Guide™.  Today the publication is called The Official School Bus Blue Book™ and is published annually.  This publication provides the industry with wholesale and retail values for nearly all bodies and chassis of used school buses produced in the United States and Canada over the last fifteen years.  This valuation guide has also become an invaluable resource for school bus lenders, insurers, dealers and operators throughout North America.

Bus Solutions Holdings, LLC and its affiliated companies have been nationally recognized as the industry leader in the field of bus valuations, appraisals and damage reporting.  We are the only independent appraisal company that specializes in bus and coach valuations.  We are also an industry leader in transportation market studies, with special emphasis on the bus industry.

Over the years, Bus Solutions Holdings, LLC has provided many industry professionals with targeted industry research and market data and research to guide them through market launches and other endeavors.

We are not in the business of selling, leasing or buying bus equipment; we provide impartial assessments to our clients with the same trust as a fiduciary, without any conflict of interest or self-dealing.  To further protect our clients, we prepare our appraisals with the same criteria and standards as those established by the American Society of Appraisers.  Bus Solutions, LLC valuation models are accepted and used by financing and appraisal companies throughout North America, including members of the American Society of Appraisers.  Bus Solutions has set the trends and developed the techniques that have become the industry standards for equipment valuations.

Our customers extend throughout the United States, Canada, Mexico and Europe.  A representative sample of our clientele is listed below.

| | |
|---|---|
| Advantage Funding | Huntington National Bank |
| AIG | ICON Capital |
| Amegy Bank | Internal Revenue Service |
| American Equipment Leasing | IStar Financial |
| ATEL Equipment | JP Morgan |
| Banc One Leasing | Lakeside Capital |
| Bank North Leasing | LaSalle National Equipment |
| Bank Of America San Francisco | Lincolnshire |
| Bank of Montreal (BMO) | M&T Bank |
| BankAmerica Leasing | Madison Capital |
| Boeing Capital Corporation | Manufacturers Lease Plan, Inc. |
| BTMU Capital | Marquette Equipment Finance |
| Cargill Leasing | Midland Loan Service |
| Carrier Transport AC | Money Financial Group |
| Catalyst Capital | National Interstate Insurance |
| Center Capital | Newcourt Credit |
| Charabanc | Orix Credit Alliance |
| Chase – Bank One | PNC |
| Chesapeake Leasing | Randolph Bank |
| CitiCapital | Royal Bank of Scotland |
| CitiCorp, ITT Capital Finance | RVI Insurance |
| Cole Taylor Bank | Sallie Mae |
| Comerica Bank | Siemens Financial |
| Crossroads Equipment Leasing | Signature Financial |
| Dallas Central Appraisal District | SouthTrust Bank |
| Debis Financial Services | SunTrust |
| Edson Financial | TD Bank |
| Equilease Financial | Tennessee Commerce Bank |
| Fenway Partners | Textron Financial |
| First International Bank | The CIT Group |
| First National Capital | U.S. Bancorp Leasing |
| Fleet Capital | U.S. Bank Corporation Banking Division |
| GATX Leasing | VERITAS Financial Partners |
| GE Commercial Finance – Atlanta | Volvo Commercial Finance |
| GE Corporate Finance | Wachovia |
| GE Structured Finance | Weider Health and Fitness |
| GL Simpson Insurance | Wells Fargo Equipment Finance |
| Greenwich Capital | Wichita Commercial Bank |
| | Numerous Law firms - Expert Witness |

We have also provided value information to the Internal Revenue Service and the Federal Transit Administration. Finally, we served as the primary consulting firm on a majority of the Greyhound lease returns entering the secondary market between 1991-1995.

# The following is a detailed list of publications that Dave W Mendenhall and the staff of Bus Solutions Holdings, LLC have published over the years.

### The Official Bus Blue Book™

**The Official Bus Blue Book™** is a complete used bus valuation guide. This semi-annually produced book provides benchmark pricing on thousands of used coaches throughout North America and Canada. In addition, the publication has great historical value providing information regarding both manufacturing dates and specifications. **The Official Bus Blue Book™** is geared towards companies and individuals directly related to the Bus and Coach Industry.

Dealers, insurance companies, lending institutions, operators and anyone needing to determine exposure and evaluate or appraise coaches have all found that **The Official Bus Blue Book™** is a powerful source of used bus information.

The writers and gatherers of the data that go into **The Official Bus Blue Book™** publication have over 60 years combined experience in the bus and coach industry with 30 years of experience directly relating to this type of publication.

Bus Solutions is continuing the tradition started back in 1987, by providing professionals like you with accurate used bus pricing information.

### This Official School Bus Blue Book™

**This Official School Bus Blue Book™** is a complete used school bus valuation guide. Bus Solutions has been providing professionals with accurate used school bus pricing information for more than twenty years. This annual publication provides benchmark pricing on thousands of used school buses throughout North America and Canada. In addition, the publication has great historical value providing information regarding both manufacturing dates and specifications.

### Bus Weekly™

**Bus Weekly™** Email is a classifieds publication that lists used equipment, products, services and specials to industry decision makers via email throughout North America and Canada.  Bus Weekly™ Email is delivered - FREE OF CHARGE - to thousands of in-boxes every Tuesday morning.

Buyers will find Bus Weekly™ Email an indispensable information source for industry related purchasing. The weekly email publication gives users one-click-access to both the downloadable publication and our extensive archive of past editions.

Sellers can reach the full group of Bus Weekly™ readers by purchasing banner space. Call our sales reps for more information.

### Dave's Hot Tips™

**Dave's Hot Tips™** is a periodic blog post regarding variety of topics such as bus values, bus appraisals, and management tips.  It also includes such topics as bus equipment, the market place, preserving the value of your assets and various other important and bits of helpful information.

**Bus Industry Annual Report**

**Bus Industry Annual Report**, a complete market analysis of all four segments of the North American Bus and Coach Market.  This publication is no longer in print.

**The Bus Pages**

**The Bus Pages** was considered to be the official buyers guide and directory for the bus, coach and limousine industries. This publication ceased publishing in 2004.

**Bus Direct Pages – Online**

**Bus Direct Pages – Online** was considered to be the industry's largest on-line buyer's guide and search engine. This publication is no longer available.

**Rapidsell**

**Rapidsell,** was the predecessor to Bus Weekly.  The Rapidsell fax publication was the first industry publication ever to be delivered weekly.  As many as 7,500 fax machines received the weekly Rapidsell communication. This publication was replaced in 2002 by Bus Weekly.

# Exhibit B

1 Michael A. Jones, State Bar #27311
  Philip J. Giles, State Bar #30340
2 David B. Nelson, State Bar #34100
  **ALLEN BARNES & JONES, PLC**
3 1850 N. Central Ave., Suite 1150
  Phoenix, Arizona 85004
4 Ofc: (602) 256-6000
  Fax: (602) 252-4712
5 Email  mjones@allenbarneslaw.com
         pgiles@allenbarneslaw.com
6        dnelson@allenbarneslaw.com

7 Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERADO STAGES INC., et al., | Case No. 2:18-bk-12203-MCW (Jointly Administered) |
| Debtors. | |
| This filing applies to: | Case No. 2:18-bk-12203-MCW |
| | Case No. 2:18-bk-12205-DPC |
| ☐  ALL DEBTORS | Case No. 2:18-bk-12207-BKM |
| ☒  SILVERADO STAGES INC. | Case No. 2:18-bk-12209-MCW |
| ☐  SILVERADO CHARTER | Case No. 2:18-bk-12210-MCW |
|     SERVICES, LLC | Case No. 2:18-bk-12213-EPB |
| ☐  MICHELANGELO LEASING INC. | Case No. 2:18-bk-12215-BKM |
| ☐  SILVERADO STAGES SC, LLC | Case No. 2:18-bk-12218-EPB |
| ☐  SILVERADO STAGES CC, LLC | |
| ☐  SILVERADO STAGES NC, LLC | **DECLARATION OF BRIAN HUNT, CHIEF** |
| ☐  SILVERADO STAGES NV, LLC | **EXECUTIVE OFFICER, IN SUPPORT OF** |
| ☐  SILVERADO STAGES AZ, LLC | **DEBTOR'S RESPONSE IN OPPOSITION** |
| | **TO BMO HARRIS BANK, N.A.'S MOTION** |
| | **FOR RELIEF FROM AUTOMATIC STAY,** |
| | **OR IN THE ALTERNATIVE, ADEQUATE** |
| | **PROTECTION** |

I, Brian Hunt, Chief Executive Officer ("**CEO**") of Silverado Stages, Inc. ("**Debtor**") hereby declare under penalty of perjury as follows:

1.      I am a resident of Pinal County, Arizona, am over eighteen years of age, and am competent to make this Declaration.

2.      I make this declaration on my personal knowledge in my capacity as the Debtor's CEO.

3.      As the Debtor's CEO, I am familiar with the Debtor's general business and

financial affairs.

4.     The Debtor, a Wyoming corporation, and its affiliated entities, are debtors-in-possession in the above-captioned jointly administered Chapter 11 cases.

5.     I have reviewed *BMO Harris Bank, N.A.'s Motion for Relief from Automatic Stay, or in the alternative, Adequate Protection* ("**Motion for Relief**").

6.     The Debtor intends to retain the Vehicles (as defined in the Motion).

7.     The Vehicles are necessary to Debtor's business operations and are used for the following profitable routes: Sacramento charter routes and for Arizona State University.

8.     Without the Vehicles, Silverado does not have a readily available substitute bus that can be used to complete the Vehicles' routes without jeopardizing the Debtor's business operations.  The Debtor would likely need to shut down these routes without continued use of the Vehicles.

9.     I have reviewed the *Response in Objection to BMO Harris Bank, N.A.'s Motion for Relief from Automatic Stay, or in the alternative, Adequate Protection* filed contemporaneously with this Declaration, and the factual statements contained therein are accurate to the best of my knowledge.

10.    The statements set forth herein are true to the best of my personal knowledge.

DATED this 8th day of November, 2018.


                                          /s/ *Brian Hunt*
                                          Brian Hunt, Chief Executive Officer